IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL ALLEN MURRAY,

        Petitioner,

    v.                        CASE NO.  08-3202-SAC

JOHNNIE GODDARD,
Warden,

        Respondent.

O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed by an inmate of the Ellsworth Correctional Facility, Ellsworth, Kansas.  Petitioner has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2).

Petitioner seeks to challenge his 1983 conviction by a jury in Wyandotte County District Court, Kansas City, Kansas, for aggravated robbery of a convenience store and first degree murder of the store clerk.  He is currently serving concurrent sentences of life and 15 years to life.  He directly appealed his conviction, which was affirmed by the Kansas Supreme Court on April 27, 1984.

"Twenty years after his conviction, on June 27, 2003, Murray filed a pro se motion for writ of habeas corpus" in which he raised nine issues and sought a new trial. Murray v. State, 105 P.3d 279, *1 (Kan.App. Feb.4, 2005).  In September, 2003, the district court "issued a memorandum opinion" in Wyandotte County District Court Case No. 03CV2568 finding Murray was not entitled to appointment of counsel or an evidentiary hearing, addressing the merits of Murray's nine allegations, and denying the motion." Id.  The Kansas Court of Appeals (KCOA) gave "full review" to the summary dismissal, but found most of the claims raised by Murray were waived because they

were all trial errors, which could have been, but were not, raised
at trial or on direct appeal.  Id.  The KCOA also found no evidence
to support Murray's claim of ineffective assistance of counsel.  The
Kansas Supreme Court denied review on May 3, 2005.

Mr. Murray filed a second 60-1507 motion (Wyan.Co. Dist.Ct.
Case No. 05-CV-2049) in the state district court on December 28,
2005.  He raised several issues including the claim that his trial
counsel was ineffective for "failure to follow up on a competency
hearing and failure to raise competency as a defense."  Murray v.
State, 172 P.3d 1221, *1 (Kan.App. Dec. 21, 2007).  The motion was
summarily denied, and the KCOA affirmed the denial "because Murray
cannot show exceptional circumstances caused him to fail to raise
the issue in his first K.S.A. 60-1507 motion[1] and because he waited
23 years before raising it."  The KCOA found that the only issue
before it was "whether the trial court erred in summarily dismissing
Murray's  K.S.A.  60-1507  motion  on  the  issue  of  ineffective
assistance of counsel due to Murray's competency evaluation."  Id.
The Kansas Supreme Court denied review on May 28, 2008.

Petitioner executed the instant federal Petition on August 8,
2008.  As ground one in his Petition, Mr. Murray claims the trial
court lacked jurisdiction because he was tried without a competency
hearing.  He acknowledges that he did not raise this issue on direct
appeal, but explains that trial counsel was ineffective at trial and
on appeal; he was "unable to understand the proceedings against"

---

[1]      The KCOA cited K.S.A. 60-1507(c) and Supreme Court Rule 183(d) and
held that "[i]n a K.S.A. 60-1507 proceeding, the sentencing court is not required
to entertain a second or successive motion for similar relief on behalf of the
same prisoner."  Id.  They also held that "[u]nless exceptional circumstances are
shown, the sentencing court may properly dismiss a second or successive motion on
the ground its use constitutes an abuse of remedy."  Id., citing Woodberry v.
State, 33 Kan.App.2d 171, 175, 101 P.3d 727, rev. denied 278 Kan. 852 (2004).

him; and was unaware there were defenses available and counsel to assist him. He states that he did raise this claim in his second 60-1507 motion. In support of this claim, Murray alleges that prior to trial his defense counsel, based upon his own observations, requested a hearing to determine petitioner's competency to stand trial, that the trial court issued an order requiring that he be evaluated but the order was ignored, and he was never evaluated or afforded a competency hearing. Petitioner argues that under Kansas and federal law, once the court determines there is a reason to question a defendant's competency and issues an order for determination of competency, the court lacks jurisdiction to proceed until issues of competency are resolved.

As ground two, petitioner claims the State denied his right of access to the courts "by withholding motions and orders relating to his competency." In support, he alleges that prior to filing any petitions, he "made several request (sic) to the Clerk of the court for all the records pertaining to his conviction," but "several documents were omitted" or denied, "including materials relating to his incompetency." He specifically refers to "motions and order of competency hearing," and alleges these documents were "only made available for the first time in 2004" to his court appointed appellate attorney, and were received by him in 2005 from this attorney "at the conclusion" or "finalization" of his first 1507 petition. He alleges he then immediately filed his second 1507 petition "asserting the discovery of new evidence," but was not given the opportunity to present this claim. He asserts this denial of court documents in his criminal case affected his ability to appeal and violates his right of access. Petitioner raised this

3

claim in his second 1507 motion.

As ground three, petitioner claims defense counsel was ineffective for failing to pursue the issue of competency at trial and on appeal.   In support, he alleges that defense counsel determined he was not able to assist in his defense and suffered from a mental disorder preventing him from understanding the proceedings against him, but allowed the court order to resolve the issue of competency to be ignored.   He asserts he was denied the rights to a fair trial and to assist in his own defense.   Petitioner raised this claim in his second 1507 motion.

As a threshold matter, it appears this Petition could be barred by the applicable statute of limitations.    The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ."  28 U.S.C. § 2244(d)(2).   In response to the question regarding timeliness on his form Petition, Mr. Murray argues that based on his claims, the trial court was without jurisdiction, which "renders the sentence illegal, which cannot be time barred."   He further alleges he "was unaware of his rights due to mental incompetency," was denied access to "the documents leading up to his claims" by the

4

court clerk, and that he pursued state post-conviction remedies within four months after first being made aware of "motion(s) and Court order(s) to determine competency to stand trial."

On review of petitioner's second 1507 motion, the KCOA found:

> Here, Murray claims that he did not know Cornwell questioned his competency and did not discover this information until recently. Because of this exceptional circumstance, he could not raise the issue in his direct appeal or his first K.S.A. 60-1507 motion. However, Murray gives no explanation for his lack of knowledge. He does not assert that Cornwell's motion was missing from the record. He does not claim that something prevented him from discovering this information in time for his original K.S.A. 60-1507 motion. Not fully reading the record and not understanding the details of a case is not an "unusual event." Without providing any explanation for his lack of awareness of this issue, no exceptional circumstances apply in Murray's case.

Murray v. State, 172 P.3d 1221, at *3.

The court finds from the foregoing that a responsive pleading is required that also addresses the timeliness of this federal Petition. Mr. Murray will have the opportunity in a Traverse to address any arguments made by respondent based on state court records.

Having examined the materials filed in this case, the court finds:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas.

The court concludes a response to the Petition is required.

Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) shall be granted based upon his Inmate Account Statement

showing a current balance of less than $150.00.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED THAT:**

1.  Respondents herein are hereby required to show cause within twenty (20) days from the date of this order why the writ should not be granted.

2.  The response should present:

(a)  the necessity for an evidentiary hearing on each of the grounds alleged in petitioner's pleadings; and

(b)  an analysis of each of said grounds and any cases and supporting documents relied upon by respondents in opposition to the same.

3.  Respondents shall cause to be forwarded to this court for examination and review the following:

> the records and transcripts, if available, of the criminal proceedings complained of by petitioner, if a direct appeal of the judgment and sentence of the trial court was taken by petitioner, respondents shall furnish the records, or copies thereof, of the appeal proceedings.

Upon termination of the proceedings herein, the clerk of this court will return to the clerk of the proper state court all such state court records and transcripts.

4.  The petitioner is granted ten (10) days after receipt by him of a copy of the respondents' answer and return to file a traverse thereto, admitting or denying under oath all factual allegations therein contained.

5.  The clerk of this court then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and that the clerk of this court transmit copies of

this order to petitioner and to the office of the Attorney General

for the State of Kansas.

**IT IS SO ORDERED**.

Dated this 26th day of August, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge