IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RANDALL ALLEN MURRAY,**

        Petitioner,

    v.                                    CASE NO.  08-3202-SAC

**JOHNNIE GODDARD,**
**Warden,**

        Respondent.

**O R D E R**

In this petition for writ of habeas corpus, 28 U.S.C. § 2254, petitioner seeks to challenge his 1983 convictions for which he is currently serving concurrent sentences of life and 15 years to life in the Ellsworth Correctional Facility.

Upon screening the Petition, the court noted as a threshold matter, that this Petition could be barred by the applicable federal one-year statute of limitations, citing 28 U.S.C. § 2244(d)(1).  However, the court issued a show cause order to respondents with direction to also address the timeliness of this federal habeas corpus petition.  The matter is before the court upon respondents' Motion to Dismiss (Doc. 10) on the ground that petitioner has failed to exhaust state court remedies on "the claim he now raises."  Petitioner has filed a response (Doc. 11) entitled "Motion in Traverse."  Having considered all the materials filed by both parties, including the portions of the record each has provided, the court makes the following findings and Order.

1

**PROCEDURAL HISTORY**

In 1983, petitioner was convicted by a jury in Wyandotte County District Court, Kansas City, Kansas, of aggravated robbery of a convenience store and first degree murder of the store clerk. He directly appealed his conviction, which was affirmed by the Kansas Supreme Court on April 27, 1984. He was represented on direct appeal by his trial defense counsel.

"Twenty years after his conviction, on June 27, 2003, Murray filed" his first "pro se motion for writ of habeas corpus," in which he raised nine issues and sought a new trial[1]. See Murray v. State, 105 P.3d 279, *1 (Kan.App. Feb.4, 2005). "In September, 2003, the district court issued a memorandum opinion," in Wyandotte Co. D.Ct. Case No. 03-CV-2568, "concluding the record conclusively established that the appointment of counsel and an evidentiary hearing were not required," addressing the merits of Murray's nine allegations, and denying the motion. Id. The Kansas Court of Appeals (KCOA) gave "full review" to the summary dismissal, but found most of the claims raised by Murray were waived because they were trial errors, which could have been but were not raised at trial or on direct appeal. Id. at *2. The KCOA also found no evidence to support Murray's claim of ineffective assistance of counsel. The Kansas Supreme Court denied review on May 3, 2005.

Months later, on December 28, 2005, Mr. Murray filed a second 60-1507 motion (Wyandotte Co. D.Ct. Case No. 05-CV-2049). He

---

[1] Respondents exhibit a copy of this pro se motion filed by petitioner in the trial court pursuant to K.S.A. § 60-1507.

2

raised several issues including the claim that his trial counsel was ineffective for "failure to follow up on a competency hearing and failure to raise competency as a defense[2]." See Murray v. State, 172 P.3d 1221, *1 (Kan.App. Dec. 21, 2007). The motion was summarily denied at the district court level by the judge that had presided at petitioner's trial and denied his first 1507 motion[3]. Petitioner was appointed counsel to appeal this denial. The KCOA determined that based on the arguments presented in Brief of Appellant, the only issue before it was "whether the trial court erred in summarily dismissing Murray's K.S.A. 60-1507 motion on the issue of ineffective assistance of counsel due to Murray's competency evaluation." Id. They affirmed the denial "because

---

[2] Counsel appointed to represent Mr. Murray on appeal of the denial of his second 1507 motion set forth the factual basis for this claim much more clearly than Murray had in his pro se 1507 petition:

> Before trial, counsel had filed a motion to determine competency, asserting that counsel was of the opinion, based on conversations with petitioner, that the petitioner was unable to properly help his attorney in the defense of his case. (II, 54) Counsel moved for an order requiring the petitioner be examined pursuant to K.S.A. 22-3302 to determine his competency to stand trial. (II, 54) The judge signed an order granting the motion and directing Dr. William Reese of Wyandotte County Court Services Department to examine the petitioner and report his findings to the court. (II, 53) The reconstructed record of the underlying criminal case contains no further mention of the evaluation or findings regarding the petitioner's competency to stand trial except a notation in the left margin of the 'Criminal Trial Docket,' where '3/10 mot/ord deter compet. Fil PLS' appears. (II, 1) From the record, it does not appear that further action was taken on the competency issue, or that the proceedings were suspended to await a determination of the petitioner's competency to stand trial.

Motion to Dismiss (Doc. 10), Attach. 7, Brief of Appellant (App.No. 96995), at 4.

[3] The district judge stated in his findings that "all issues" raised in petitioner's second 1507 motion "have previously been raised by the petitioner most recently in" his first 1507. However, in Appellant's Brief, counsel set forth the issues Murray had raised in his two 1507 motions, and argued the court wrongly made this conclusion because those regarding Murray's competency "were not present in petitioner's first 1507 motion."

Murray cannot show exceptional circumstances caused him to fail to raise this issue in his first K.S.A. 60-1507 motion[4] and because he waited 23 years before raising it. . . ." Id. The Kansas Supreme Court denied review on May 28, 2008.

**GROUNDS IN FEDERAL PETITION**

Petitioner executed the instant federal Petition on August 8, 2008. As ground one for his federal Petition, Mr. Murray claims:

> Defendants Constitutional rights were violated when he was tried without a hearing to resolve competency issues, preventing the trial court from having jurisdiction over the subject matter, and rendering his sentence illegal and creating manifest justice.

Petition (Doc. 1) at 6. In support of this claim, petitioner alleges that prior to trial, his defense counsel requested a hearing to determine his competency to stand trial, that the trial court issued an order requiring a competency evaluation, but he was never evaluated or afforded a hearing to determine his competency. He argues that under Kansas and federal law, once the court orders

---

[4] The KCOA cited K.S.A. 60-1507(c) and Supreme Court Rule 183(d) and held that "[i]n a K.S.A. 60-1507 proceeding, the sentencing court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Id. They also held that "[u]nless exceptional circumstances are shown, the sentencing court may properly dismiss a second or successive motion on the ground its use constitutes an abuse of remedy." Id. citing Woodberry v. State, 33 Kan.App.2d 171, 175, 101 P.3d 727, rev. denied 278 Kan. 852 (2004). They discussed Murray's claim that he could not raise this issue in his direct appeal or his first 1507 motion because he was unaware "until recently" of the pretrial motions and order regarding his competency, and found:

> Murray gives no explanation for this lack of knowledge. He does not assert that Cornwell's motion was missing from the record. . . . Not fully reading the record and not understanding the details of a case is not an "unusual event." Without providing any explanation for his lack of awareness of this issue, no exceptional circumstances apply in Murray's case.

Id. at *2.

a hearing on a defendant's competency, it lacks jurisdiction to proceed to trial until the issue of competency is resolved. He asserts that denying him a competency hearing violated his due process rights, denied him a fair trial, and deprived the trial court of jurisdiction making the criminal proceeding and his sentence illegal.

As ground two, petitioner claims his constitutional right of access to the courts was violated[5] when "the state" withheld "motions and orders relating to his competency." In support, he alleges that prior to filing "any petitions," he made several requests to "the Clerk of the court" for all records pertaining to his conviction, but several documents were omitted including those relating to his competency. He further alleges he did not receive "the complete record" until it was sent to him by his court-appointed appellate attorney[6]. He alleges he "immediately filed his second petition asserting the discovery of new evidence (motions and order of competency hearing)," but it was dismissed as successive. He thus claims he was given no opportunity to present his claim.

As ground three, petitioner claims his defense counsel was ineffective for not pursuing the issue of his incompetency at trial or on direct appeal. In support, he alleges that his trial defense

---

[5] Generally, the claim of denial of access to the courts is not one that would entitle an inmate to release from custody, and thus is not grounds for federal habeas corpus relief.

[6] He alleges these documents were "made available" for the first time in 2004 to his state post-conviction appellate attorney, and he received them from that attorney in 2005 "during the final stages" of his first 1507 case.

5

counsel determined competency was an issue, moved for and obtained a court order for evaluation, but allowed the order to be ignored.

**EXHAUSTION OF STATE COURT REMEDIES**

    28 U.S.C. 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . .

Alternatively, the applicant must show that State corrective process is either unavailable or ineffective. 28 U.S.C. 2254(b)(1)(B). "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

    Respondents move to dismiss this Petition "on the grounds that petitioner has failed to exhaust the claims he now raises." Petitioner and respondents agree that petitioner raised none of the claims presented in his federal Petition on his direct criminal appeal. They appear to also agree that he did not raise them in

the first of his two post-conviction motions under K.S.A. § 60-1507 (1507 motions). However, petitioner states he did present his claims to the state courts in his second 1507 motion, while respondents argue he did not.

As factual support for their motion to dismiss, respondents allege that the claim petitioner presents in his instant application for federal habeas corpus relief has not been properly presented to the state courts and that petitioner still has a remedy available for his claim in the state courts. In support of their contention that petitioner has not raised his claim in state court, they allege his claim in his second 1507 motion was that "counsel was ineffective for 'failing to preserve and follow through with a legal defense of insanity, compulsion, diminished capacity,' because a competency hearing was never held." They contend that while this is "similar to the issue presently raised, it is not the same in substance." They allege petitioner's claim in the instant application is "that his conviction and sentence were obtained in violation of his due process rights because the state trial court was without jurisdiction to try him due to an order to evaluate his competency." They thus reason that the claim presented in state court "was framed within the context of an ineffective assistance of counsel claim," was "raised in a second habeas motion," and "was denied as procedurally barred under state law."

In support of their contention that petitioner has a remedy available in the state courts for the claim raised in his federal

7

habeas Petition, respondents cite a 2006 decision of the Kansas Supreme Court "involving a substantially similar claim." State v. Davis, 130 P.3d 69, 281 Kan. 169, cert. denied, 549 U.S. 823 (2006)[7]. The petitioner in Davis, after his convictions were affirmed on direct appeal, filed a motion to correct an illegal sentence "alleging the trial court lacked jurisdiction to convict him when it failed to suspend proceedings in order to determine his competency." Id. at 170. The Kansas Supreme Court held that "[o]nce Davis' competency determination had been ordered, the first district court err(ed) in proceeding through trial," and "the second district court err(ed) in finding that Davis had waived the illegal sentence issue by failing to raise it on his direct appeal." Id. They reasoned that a district court's error in proceeding, after ordering a competency determination, without holding a competency hearing under K.S.A. 22-3302(1) is a violation of the statute and due process and not subject to harmless error review. They also reasoned that where the alleged error is lack of jurisdiction, "a lack of jurisdiction to impose a sentence can make the sentence illegal," and an appellate court can correct an illegal sentence at any time. Id. at 175 (citing see K.S.A. 3504(1)). They expressly found that Davis' due process rights were violated in that he never received an competency evaluation and that "the district court had no jurisdiction." Id. 180. Respondents contend that Mr. Murray "may well be able to raise his claim before the state courts if he frames the issue properly and

---

[7] Petitioner also cites Davis in his federal Petition.

correctly files under the appropriate statute." Specifically, they suggest that his claim must be framed as that the court lacked jurisdiction, rather than solely as ineffective assistance of counsel, and presented in a Motion to Correct Illegal Sentence under K.S.A. § 22-3504, rather than under K.S.A. 60-1507.

In his response, petitioner argues that he has fully exhausted state court remedies by presenting his claims in his second 1507 petition through "a full round of state appellate review" and that this provided the state courts with a fair opportunity to address his claims. He also asserts that the state courts did not provide a full and fair hearing on his claims. However, he alleges no facts to convince this court that he properly and fairly presented his claim to the state courts that the trial court was without jurisdiction to try him because of its failure to conduct a competency hearing before proceeding to trial[8]. He argues that filing a motion for correction of illegal sentence would be futile, but presents no facts or convincing arguments to support this statement. He asks this court to deny the motion to dismiss and conduct an evidentiary hearing on the merits of his claims.

"In order to satisfy the exhaustion requirement, a federal habeas corpus petitioner must show that a state appellate court has

---

[8] Petitioner's Appellate Brief shows that his appointed counsel clearly argued on appeal of the denial of his second 1507, that his 1507 petition, construed liberally, "raises the same Fifth Amendment due process assertion as that made in State v. Davis, namely, that the court lacked jurisdiction to try and sentence the defendant when it apparently failed to suspend the proceedings and hold a hearing on the petitioner's competency to stand trial." However, the exhibited copies of Mr. Murray's second pro se 1507 motion with the extra pages containing his arguments, do not contain the claim that the trial court lacked jurisdiction.

had the opportunity to rule on the same claim presented in federal court, see Smith v. Atkins, 678 F.2d 883, 884-85 (10th Cir. 1982)(per curiam), or that at the time he filed his federal petition, he had no available state avenue of redress." Miranda v. Cooper, 967 F.2d 392, (10th Cir. 1992)(citing see Anderson v. Harless, 459 U.S. 4, 8 (1982)). To have fully exhausted, petitioner must have presented to the state courts both the factual and legal premises for the claim he asserts in federal court. See Picard v. Connor, 404 U.S. 270, 275-77 (1971). Petitioner ultimately bears the burden of showing that he has fully exhausted state remedies, and "a state prisoner's federal habeas petition should be dismissed[9] if the prisoner has not exhausted available state remedies as to any of his federal claims." See Coleman v. Thompson, 501 U.S. 722, 731 (1991). The court finds that petitioner did not clearly present to the state courts his claim that his conviction and sentence are illegal because the trial court lacked jurisdiction to proceed to trial without conducting a competency hearing. The court further finds that petitioner has not adequately refuted respondents' showing in their Motion to Dismiss that a state remedy for this claim is available.

From the foregoing, the court concludes that respondents' Motion to Dismiss must be sustained, and this action must be dismissed, without prejudice, on account of petitioner's failure to show that he has exhausted available state court remedies on all

---

[9] This court recognizes it has the option to determine petitioner's claims on the merits, but declines to do so given the lack of development and presentation of the underlying facts.

the claims presented in his federal habeas corpus petition.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (Doc. 10) is sustained; and this action is dismissed, without prejudice, due to petitioner's failure to exhaust available state court remedies.

**IT IS SO ORDERED.**

Dated this 18th day of February, 2008, at Topeka, Kansas.

<pre>
                              s/Sam A. Crow
                              U. S. Senior District Judge
</pre>